Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered July 17, 2012, which denied plaintiffs’ motion for summary judgment on its cause of action for breach of an agreement to pay a broker’s commission, unanimously reversed, on the law, with costs and the motion granted.
Defendant’s attorney prepared a proposed brokerage agreement and forwarded it to plaintiffs. Plaintiffs executed the agreement and performed in accordance with its terms. Defendant never executed the agreement, but its attempt to repudiate it came only after closing, i.e., after it had derived the full benefit of the agreement. Thus, defendant is bound by the agreement (see Ambrose Mar-Elia Co. v Dinstein, 151 AD2d 416, 419 [1st Dept 1989], lv denied 74 NY2d 615 [1989]). Moreover, the contract of sale contained a brokerage provision stating that the seller (defendant) and the purchaser had dealt with no broker who might be entitled to a commission in connection with this transaction other than plaintiffs (collectively, the Broker) and that “Seller shall pay the commission due to the Broker pursuant to a separate agreement between Seller and the Broker.” This language constitutes an admission that plaintiffs were due a broker’s fee from defendant (see id. at 418; Helmsley-Spear, Inc. v New York Blood Ctr., 257 AD2d 64 [1st Dept 1999]). Concur — Mazzarelli, J.P., Acosta, Saxe, Freedman, Clark, JJ.